UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
MAR 29 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

WAYNE ALAN MACRAE,

    Plaintiff,

v.                           Case No. 2:09cv426

GREENBRIER PONTIAC OLDSMOBILE-
GMC TRUCKS KIA, INC.,

    Defendant.

## OPINION AND ORDER

The Court currently has the following pleadings under consideration: Plaintiff's Motion to Compel (Doc. No. 14), filed on February 12, 2010; Defendant's Motion for Protective Order (Doc. No. 18) and Defendant's Brief in Support of Motion for Protective Order (Doc. No. 19), both filed on March 18, 2010; and Plaintiff's Reply to Motion for Protective Order, Supporting Memorandum, and if Defendant's Motion is Denied, Motion for Continuance (Doc. No. 21), filed on March 19, 2010.

The Court held a hearing on these pleadings on March 23, 2010. At that hearing, John Gayle, Esq., appeared on behalf of Plaintiff; and Christopher Wiemken, Esq., appeared on behalf of Defendant. The Official Court Reporter was Sue Ash. The Court held a telephone conference on March 25, 2010, to announce its ruling. John Gayle, Esq., participated on behalf of Plaintiff; and Christopher Wiemken, Esq., and Kevin Sharpe, Esq., participated on behalf of Defendant. The Official Court Reporter was Jody Stewart.

Upon consideration of the pleadings, the exhibits supplied to the Court,[1] and the arguments of counsel, for the reasons stated on the record and as more fully explained herein, it is hereby ORDERED that Plaintiff's Motion to Compel is DISMISSED as moot, Defendant's Motion for Protective Order is DENIED; and the Rule 16(b) Scheduling Order is AMENDED as set out in the Amended Rule 16(b) Scheduling Order filed contemporaneously with this Order.

## I. BACKGROUND

On August 28, 2009, Plaintiff, Wayne Alan Macrae ("Macrae"), filed a Complaint against Defendant, Greenbrier Pontiac Oldsmobile-GMC Trucks Kia, Inc. ("Greenbrier Pontiac"), alleging violations of the Federal Odometer Act, 49 U.S.C. §§ 32701-11, and the Virginia Consumer Protection Act, Va. Code §§ 59.1-196 to -207, as well as actual and constructive fraud. In the Complaint, Macrae alleges that on August 31, 2007, he and his wife entered into a contract with Greenbrier Pontiac to purchase a 2007 Kia Optima, which the salespersons represented as a new car with twenty-nine (29) miles on the odometer. Macrae alleges that when the vehicle was inspected by Virginia State Police in May 2007, the odometer reading indicated that the vehicle had 260 miles. The Macraes were unable to inspect the vehicle on August 31, 2007, when they signed

---

[1] Greenbrier Pontiac provided the Court with examples of the "Application for Certificate of Title and Registration" and the "Demonstrator Acknowledgement" [sic] forms from a deal file in which Greenbrier sold a demonstrator vehicle to a customer.

2

the contract. The Macraes returned on September 1, 2007, to accept delivery of the vehicle. While driving the vehicle home, the Macraes allege that the odometer indicated that the vehicle had over 800 miles on it. Macrae alleges that although the vehicle was sold to him as "new," it was previously used as a demonstrator, and therefore is considered a "used" car under Virginia law. Macrae argues that the alleged intentional misrepresentations about the status of the car as "new" and the odometer reading of the vehicle violate both federal and state law. As relief, Macrae requests actual damages, statutory damages, exemplary damages,[2] costs and attorney's fees.

## II. PLAINTIFF'S MOTION TO COMPEL

At the March 23, 2010 hearing, counsel advised the Court that since Plaintiff's Motion to Compel was filed, Greenbrier Pontiac had provided additional discovery. Counsel indicated that there were only four (4) interrogatories still at issue, which could likely be resolved if counsel had a brief opportunity to confer. The Court stood in recess for ten (10) minutes, during which counsel for the parties discussed the matter and were able to come to an agreement about the disposition of the various objections. Subsequently, both parties notified the Court that their issues had

---

[2] As exemplary damages, Macrae seeks treble damages pursuant to the Federal Odometer Act, 49 U.S.C. § 32710(c), treble damages pursuant to the Virginia Consumer Protection Act, Va. Code § 59.1-204, and punitive damages.

been resolved and that the motion could be dismissed. Accordingly, Plaintiff's Motion to Compel is DENIED as moot.

### III. DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Greenbrier Pontiac seeks a protective order "prohibiting Plaintiff and/or Plaintiff's counsel, or anyone acting on their behalf, from contacting Greenbrier's customers identified in deal files produced in the course of discovery." Specifically, Plaintiff's counsel indicated that he wanted to contact those customers who purchased demonstrator vehicles from Greenbrier Pontiac to discuss their purchases. Defendant raises two objections to Plaintiff's proposed contacts: (1) Greenbrier Pontiac's sale of demonstrator vehicles to other customers is irrelevant; and (2) Plaintiff's contact would adversely affect Greenbrier Pontiac's business relationship with these customers.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court may enter a protective order to prevent or limit discovery. Under the Rule, the Court has the authority to enter any "order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Accordingly, under the appropriate circumstances, the Court may issue an order preventing the plaintiff from contacting the defendant's current or prospective customers. See, e.g., M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1992).

As the moving party, Greenbrier Pontiac has the burden of proving that there is good cause to prevent Macrae from contacting Greenbrier Pontiac's customers. "Specifically, the movant must make a particularized showing of why discovery should be denied, and conclusory or generalized statements in a motion for a protective order fail to satisfy this burden as a matter of law." Smith v. United Salt Corp., 2009 WL 2929343, at *5 (W.D. Va. Sept. 9, 2009); see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981).

### A. Relevance

Greenbrier Pontiac argues that sales of demonstrator vehicles to other customers is irrelevant to prove whether or not Greenbrier Pontiac made misrepresentations to Macrae during the sale of his vehicle.

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule goes on to state that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

In this case, Macrae alleges that Greenbrier Pontiac made intentional misrepresentations about the use of the vehicle he purchased and the odometer reading at the time of sale. Macrae's

claims involve allegations that Greenbrier Pontiac had an intent to defraud Macrae.

The information about similar transactions with other customers, in which Greenbrier Pontiac sold demonstrator vehicles as "new," is highly relevant to Macrae's claims. In order to prove actual fraud[3] or a violation of the Virginia Consumer Protection Act, Macrae must prove that Greenbrier Pontiac intentionally made a false representation with an intent to mislead. See Van Deusen v. Snead, 441 S.E.2d 207, 209 (Va. 1994) (actual fraud); Koschene v. Hutchinson, No. CL06-476, 2007 WL 6013037, at *4 (Va. Cir. Mar. 16, 2007) (Virginia Consumer Protection Act). Similarly, in order to establish a violation of the Federal Odometer Act, Macrae must prove that Greenbrier Pontiac acted with an "intent to defraud." See Tripp v. Charlie Falk's Auto Wholesale, Inc., 290 F. App'x 622, 630 (4th Cir. 2008).

Macrae's damage claims also require a showing of scienter on the part of Greenbrier Pontiac. Macrae seeks to recover treble damages under the Virginia Consumer Protection Act, which requires that he prove a willful violation, Va. Code § 59.1-204(A), and under the Federal Odomoter Act, which requires that he prove intent to defraud, 49 U.S.C. § 32710(a). To support Macrae's request for punitive damages, he must demonstrate malice, thereby necessitating

---

[3] In order to establish actual fraud, Macrae must prove that the intentional misrepresentation by clear and convincing evidence. See Van Deusen v. Snead, 441 S.E.2d 207, 209 (Va. 1994).

6

that he produce evidence of similar misconduct on the part of Greenbrier Pontiac. See BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 577 (1996); TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443, 462 (1993).

As the court in Salmeron v. Highlands Ford Sales, Inc., 220 F.R.D. 667 (D.N.M. 2003) noted:

> Evidence that [the dealership] failed to make disclosures or made misrepresentations to other customers would enable [plaintiff] to establish that [the dealership] acted intentionally and/or that [the dealership]'s actions were part of a pattern or practice rather than the result of an innocent or isolated mistake. Without evidence of similar failures to disclose or misrepresentations, it would be virtually impossible for [plaintiff] to meet [his] burden of proving intentional behavior by clear and convincing evidence or to establish a pattern or practice to support an award of punitive damages. Access to [the dealership]'s other customer is necessary in order for [plaintiff] to gather such evidence, if it exists.

Salmeron, 220 F.R.D. at 671. Accordingly, information about similar transactions with other customers, in which Greenbrier Pontiac sold demonstrator vehicles as "new," is relevant to the claims and defenses at issue in this case. See id.; Marks v. Global Mortgage Group, Inc., 218 F.R.D. 492, 497 (S.D. W. Va. 2003) (finding that information about defendant-lender's other customers was relevant to plaintiff-borrowers' claims that lender participated in a pattern and practice of fraud, and was therefore discoverable).

### B. Adverse Effect on Defendant's Business

When considering whether to issue a protective order

7

preventing or limiting discovery, federal courts apply a balancing test, comparing the interests of the party from whom discovery is sought with the need for, and probative value of, the information to the party requesting discovery. See, e.g., Williams v. Chartwell Fin. Servs., Ltd., 204 F.3d 748, 759 (7th Cir. 2000); Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985); McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989); Arenson v. Whitehall Convalescent & Nursing Home, Inc., 161 F.R.D. 355, 358 (N.D. Ill. 1995).

When weighing the competing interests in this case, it is appropriate to consider the potential economic consequences of allowing Plaintiff's counsel to contact Greenbrier Pontiac's customers to discuss their vehicle purchases. See Nemir v. Mitsubishi Motors Corp., 381 F.3d 540, 550-51 (6th Cir. 2004). It is apparent to the Court that Greenbrier Pontiac is concerned that by allowing such contact, Plaintiff may taint Greenbrier Pontiac's relationships with its customers, and result in a loss of future commercial opportunities. Greenbrier Pontiac's concerns are legitimate and understandable, but its assertions are speculative, and therefore insufficient to support a request for a protective order.

Plaintiff's counsel only seeks to contact a limited group of Greenbrier Pontiac's customers---those who purchased vehicles that were previously used as demonstrators in the years 2006, 2007, and

2008, which the parties estimate to be eighty (80) individuals. Greenbrier Pontiac has not demonstrated that it has an ongoing business relationship with any of these individuals. Furthermore, Greenbrier Pontiac has presented nothing to indicate that these individuals would consider purchasing another vehicle from Greenbrier Pontiac in the future, or that the proposed communications would damage its reputation or profits. See Gottstein v. Nat'l Assoc. for the Self Employed, 186 F.R.D. 654, 659 (D. Kan. 1999).

At the March 23, 2010 hearing, Plaintiff's counsel advised the Court that, if permitted, he intended to contact the identified customers by mail to request that the customer call counsel's office to discuss their vehicle purchase. It is very likely that many of the contacted customers will not respond to the letter or follow up on the request. To the extent contact is made with these individuals, it is in Plaintiff's best interest not to engage in any overreaching during the course of the conversation. Any harassing or overreaching conduct by Plaintiff's counsel would likely deter the individual from cooperating, and more importantly, such conduct may affect the quality of the evidence and potentially taint any evidence later offered at trial.

It is also clear that Macrae should have a full and fair opportunity to prove his claims. As discussed above, evidence that Greenbrier Pontiac misrepresented the status of vehicles as new or

used to other customers may be necessary to establish that Greenbrier Pontiac acted intentionally or as part of a pattern or practice rather than a one-time mistake. "Without evidence of similar failures to disclose or misrepresentations, it would be virtually impossible for [Macrae] to meet [his] burden of proving intentional behavior by clear and convincing evidence or to establish a pattern or practice to support an award of punitive damages. Access to [Greenbrier Pontiac's] other customers is necessary in order for [Macrae] to gather such evidence, if it exists." Salmeron v. Highlands Ford Sales, Inc., 220 F.R.D. 667, 671 (D.N.M. 2003).

Because Greenbrier Pontiac is unable to make a particularized showing that allowing Plaintiff's counsel to contact Greenbrier Pontiac's customers who purchased demonstrator vehicles will cause economic harm to its business or reputation, and because Macrae has a strong need for such evidence, the issuance of a protective order is inappropriate.

### C. Conclusion

For the reasons stated above, the Court FINDS that transactions between Greenbrier Pontiac and other customers involving the sale of a demonstrator vehicle is relevant to the claims and defenses at issue in this case. Furthermore, the Court FINDS that Greenbrier Pontiac's assertion that Plaintiff's contact with its customers will harm its reputation and profits is too

speculative to support entry of a protective order. Accordingly, Defendant's Motion for Protective Order is DENIED. Plaintiff is not prohibited from contacting those persons identified in records produced in the course of discovery who purchased demonstrator vehicles from Greenbrier Pontiac.

### IV. RULE 16(b) SCHEDULING ORDER

In Plaintiff's Reply to Defendant's Motion for Protective Order, Macrae requested that the discovery deadlines in the Rule 16(b) Scheduling Order be adjusted to allow Plaintiff to proceed with discovery consistent with the Court's ruling on the Motion for Protective Order. The Court notes that pursuant to the Rule 16(b) Scheduling Order, Plaintiff's discovery cut-off date was March 16, 2010. The hearing on the parties' discovery motions did not take place until March 23, 2010. Accordingly, the Court finds it necessary to AMEND the Rule 16(b) Scheduling Order.

In addition, the Court noted that due to a scheduling conflict, the Court would need to reschedule the trial date in this case. It is ORDERED that the trial in this matter is rescheduled from May 26, 2010, at 10:00 a.m., to June 22, 2010, at 10:00 a.m. The final pretrial conference is rescheduled from May 7, 2010, at 11:00 a.m., to June 4, 2010, at 11:00 a.m. The remaining dates governing discovery and pre-trial deadlines are AMENDED as set out in the Amended Rule 16(b) Scheduling Order filed contemporaneously with this Order.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. No. 14) is DISMISSED as moot, Defendant's Motion for Protective Order (Doc. No. 18) is DENIED; and the Rule 16(b) Scheduling Order (Doc. No. 10) is AMENDED as set out in the Amended Rule 16(b) Scheduling Order filed contemporaneously with this Order.

IT IS SO ORDERED.

*/s/ F. Bradford Stillman*
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 29, 2010